NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3255

JANETTE LIST,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————

DECIDED: November 14, 2005

———————————

Before MICHEL, <u>Chief Judge</u>, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Janette List petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the denial by the Office of Personnel Management ("OPM") of her application for a survivor annuity under the Civil Service Retirement System ("CSRS") as the former spouse of Richard Comstock, a deceased

federal retiree.  List v. Office of Pers. Mgmt., No. CH-0831-03-0677-I-1 (M.S.P.B. June 2, 2005).  We affirm.

## DISCUSSION

## I.

Ms. List and Mr. Comstock were married on March 1, 1953.  During the entire period of their marriage, Mr. Comstock was employed under the CSRS with the Veterans Administration.  Mr. Comstock retired from federal service on June 30, 1983.  Upon his retirement, he selected a reduced annuity with survivor benefits for Ms. List.

Ms. List and her husband were divorced on May 19, 1995.  The divorce decree awarded Ms. List a "45% interest in [Mr. Comstock's] federal retirement system."  Ms. List was to be paid this amount directly out of Mr. Comstock's "monthly federal pension benefit."  The divorce decree did not provide for a survivor annuity.  Following her divorce, Ms. List remarried.

During the two-year period following the divorce, OPM sent annual notices to Mr. Comstock advising him of his right to elect, in writing, a former spouse survivor annuity for Ms. List.  However, Mr. Comstock never made such an election.  In November of 1995, Mr. Comstock's annuity was returned to the unreduced "life rate" level.

Mr. Comstock died on October 6, 2002.  On February 18, 2003, the Court of Common Pleas in Ross County, Ohio, issued an order amending the May 19, 1995 decree to provide for a survivor annuity for Ms. List.

Armed with the amended divorce decree, Ms. List applied to OPM for a former spouse survivor annuity.  In a reconsideration decision dated June 5, 2003, OPM denied Ms. List's application.  It did so on the ground that because the amended court

order was issued after the date of Mr. Comstock's death, it was not acceptable for processing pursuant to 5 C.F.R. § 838.806.

Ms. List timely appealed to the Board. On September 15, 2003, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's reconsideration decision. List v. Office of Pers. Mgmt., No. CH-0831-03-0677-I-1 (M.S.P.B. Sept. 15, 2003). The AJ's initial decision became the final decision of the Board on June 2, 2005, after the Board denied Ms. List's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The Board did not err in affirming OPM's denial of Ms. List's application for a former spouse survivor annuity. It is undisputed that the May 19, 1995 divorce decree did not provide Ms. List with a survivor annuity. Under these circumstances, in support of her application, Ms. List was forced to rely on the February 18, 2003 order amending the divorce decree. OPM rejected that order, however, under 5 C.F.R. § 838.806, which is based upon 5 U.S.C. § 8341(h)(4), a codified provision of the Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195, 3200-01.

Section 8341(h)(4) states that a modification of a divorce decree, insofar as it relates to a survivor annuity, is not effective if it is made after the death of the retired employee. The regulation, in turn, provides as follows:

> A court order awarding a former spouse survivor annuity is not a court order acceptable for processing if it is issued after the date of retirement or death of the employee and modifies or replaces the first order dividing the marital property of the employee or retiree and the former spouse.

5 C.F.R. § 838.806(a) (2005). Under section 838.806(a), the February 18, 2003 order was not acceptable for processing because (i) it was issued after Mr. Comstock died and (ii) it modified the May 19, 1995 divorce decree by providing for a survivor annuity for Ms. List. OPM therefore did not err in denying Ms. List's application for a survivor annuity as Mr. Comstock's former spouse. See Vaccaro v. Office of Pers. Mgmt., 262 F.3d 1280, 1287-88 (Fed. Cir. 2001) (ruling that OPM did not err in denying an application for a former spouse survivor annuity, where the 1997 order on which the application was based was ineffective because it purported to modify a 1996 divorce decree after the death of the applicant's former spouse).

Ms. List argues, however, that we should reverse the decision of the Board. She asserts that it was Mr. Comstock's desire to have the 1995 divorce decree amended, but he died before he was able to secure such an amendment from the court. Even if true, Ms. List's assertions regarding Mr. Comstock's wishes are unavailing. Because the 2003 order purporting to amend the divorce decree was entered after Mr. Comstock's death, it did not meet the requirements of 5 U.S.C. § 8341(h)(4), and OPM was without authority to accept it. See Killip v. Office of Pers. Mgmt., 991 F.2d 1564, 1568-70 (Fed. Cir. 1992).

05-3255                                         4

For the foregoing reasons, the final decision of the Board is <u>affirmed</u>.

No costs.